599 S.E.2d 706

**Leland THORNE and Betty Maxine Thorne, Petitioners Below, Appellants,**

v.

**Richard L. COMER and Terry L. Comer, Respondents Below, Appellees.**

**No. 31620.**

Supreme Court of Appeals of West Virginia.

Submitted: April 27, 2004.

Filed: June 29, 2004.

James P. Geary, II, Esq., Geary & Geary, Petersburg, for Appellees.

PER CURIAM.

The appellants Leland and Betty Maxine Thorne appeal a circuit court order finding that the appellants had a fourteen-foot-wide right-of-way, rather than a thirty-foot-wide right-of-way across the appellees Richard and Terry Comer's property. We find that the circuit court erred in limiting the Thornes to a fourteen-foot-wide right-of-way and reverse the order, in part.

### I.

The appellants Leland and Betty Maxine Thorne ("the Thornes") own approximately fifty acres of land nestled in a valley in Grant County. Lysle and Phyllis Sites ("the Sites")[1] owned a large plot of land in the same valley. Since at least 1923, the Thornes have had a right-of-way in the form of a roadway across the Sites' property to the public road.[2]

In 1993, the Sites sold .262 acres of their land that abutted the Thornes' property to the Thornes. Then in the late 1990's the Sites divided their remaining property into two separate parcels using the existing roadway as the boundary between the two parcels. The Sites sold one parcel to Mark M. Harman in 1997,[3] and sold the other parcel to the appellees Richard and Terry Comer ("the Comers") in 1999.

In both the 1997 deed and 1999 deed, the Sites reserved a thirty-foot-wide right-of-way across the Harman and the Comer properties, using the center of the roadway as the center line of the right-of-way.

The deeds state in pertinent part:

There is hereby excepted and reserved to *the Grantors and others having the right to use same,* a right-of-way, thirty feet in width ... which right-of-way shall

John David Judy, III, Esq., Judy & Judy, Moorefield, for Appellants.

---

1. The Sites, while not a party to this action, formerly owned the property over which the contested right-of-way runs.

2. In 1923, a J.F. Hiser et ux. deeded the property to a Nimrod Thorn[e] reserving "a right-of-way from the above land, over the present road down the hollow to the road leading to the creek[.]"

3. Mr. Harman is not a party to this action.

not be exclusive, but shall be for the joint and common benefit of the Grantors, Grantees, their respective heirs, successors and assigns, *as well as others having the right to use same.*

(Emphasis added.)

Problems ensued between the Comers and the Thornes. On April 7, 2003, the Thornes filed a petition seeking injunctive relief and a restraining order against the Comers. The Thornes claimed, among other allegations, that the Comers were impairing the Thornes' use of the right-of-way by harassing the Thornes and their guests and by lining the edges of the roadway/right-of-way with wooden posts, fencing, and debris.

The circuit court held a hearing on the Thornes' petition, at which the parties presented testimony and other evidence. On April 23, 2003, the circuit court entered an order. In the order, the circuit court finds that the Thornes had a fourteen-foot-wide right-of-way that stretched across the Harman and Comer properties to the public roadway.[4] The circuit court found that "the center line of the roadway which provides access to the Thorne property ... is the boundary line between the [Harman and Comer] propert[ies], and that there is a 30 foot right-of-way which was reserved from the [Harman and Comer] property to the public road[.]"

The circuit court further found that the Thornes' fourteen-foot-wide right-of-way was subsumed within the thirty-foot-wide right-of-way reserved by the Sites from the Comer and Harman properties, and that the Comer and Harman deeds had no bearing on the width of the Thornes' right-of-way. The circuit court also found that because the Sites' 1993 deed to the Thornes did not specifically grant the Thornes' property a right-of-way, the circuit court limited the Thornes to a fourteen-foot-wide right-of-way based on their customary usage of the existing right-of-way.

4. The circuit court's order also addressed the Thornes' petition for injunctive relief. The Comers were ordered to stop harassing the Thornes and their guests; the Thornes were also ordered

At issue is whether the circuit court erred in limiting the Thornes to a fourteen-foot-wide right-of-way.

## II.

■ "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). "A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed...." Syllabus Point 1, in part, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

The Thornes argue that the circuit court erred in finding that the Thornes were limited to a fourteen-foot-wide right-of-way. The circuit court based its ruling, in part, on the 1993 deed of a "quarter" acre of land from the Sites to the Thornes. In the 1993 deed, the Sites did not reserve a specific right-of-way. Because the 1993 deed did not reserve a right-of-way, the circuit court based the width of the right-of-way on what the circuit court saw as the Thornes' customary usage of the right-of-way. However, the 1993 deed has minimal, if any, relationship to the right-of-way from the public road to the Thornes' property. The failure to reserve a right-of-way in the 1993 deed is not dispositive of the issue in this case.

■ The Thornes and their predecessors have had a right-of-way across the Harman and Comer (formerly the Sites') property since 1923. In 1993, when the Sites deeded the small piece of property to the Thornes, only the Thornes used the right-of-way across the Sites' land. Later, when the Sites sold the remainder of their land, the Sites were careful to reserve a thirty-foot-wide right-of-way—not only for "the Grantors," but also for "others having the right to use

to construct a fence and to keep their livestock off the Comers' property. Both parties were ordered not to obstruct the common roadway or right-of-way.

same." The term "others having the right to use same" contained in the Harman and Comer deeds clearly includes the Thornes and their successors.[5] The Thornes have the right to use the thirty-foot-wide right-of-way across the property.

The Thornes may have historically limited their use of the right-of-way to fourteen feet. However, limiting the Thornes to a fourteen-foot-wide right-of-way while allowing "all others" use of the thirty-foot-wide right-of-way is illogical and creates an unfair result.

### III.

Therefore, we reverse the circuit court's finding that limits the Thornes to a fourteen-foot-wide right-of-way. We remand for entry of an order consistent with this opinion that reflects our finding that the Thornes have use of the thirty-foot-wide right-of-way as reserved in the Comer and Harman deeds. We affirm the circuit court's granting of injunctive relief.

Affirmed, in part; Reversed, in part.

Maynard, C.J., concurred in part, dissented in part, and filed separate opinion.

---

**5.** This Court notes that finding that the Thornes have the right to use the thirty-foot-wide right-of-way in no way further impairs the appellees, who purchased their property subject to a thirty-foot-wide right-of-way.