# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nestor F. Dans, M.D.,**
**Defendant Below, Petitioner**

**vs)  No. 12-0633** (Kanawha County 09-C-856)

**W. Martin Riggs,**
**Plaintiff Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nestor F. Dans, M.D., by counsel Karen H. Miller, appeals the Circuit Court of Kanawha County's order entered on April 10, 2012, that required petitioner to remove a portion of his driveway that encroached onto Respondent W. Martin Riggs's property. Respondent, by counsel Kenneth E. Webb, Jr. and Patrick C. Timony, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent own adjacent lots of real estate along the Kanawha River in Charleston, West Virginia. Petitioner's address is 4608 Kanawha Avenue East and respondent's address is 4610 Kanawha Avenue East. Petitioner purchased his home in the year 2000. Respondent purchased his home in 2006. The two properties have historically shared a joint driveway leading to the homes from Kanawha Avenue.

From about 2004 to 2006, prior to respondent purchasing his property, petitioner extensively renovated his property, tore down a garage at the front of his home, and built a new one in the rear of the home. In order to reach the new garage, petitioner extended the driveway so that it reached the back of his home where the garage was now located. Having extended the driveway, petitioner encroached onto the adjacent property, 4610, which at the time was owned by Dr. Jean-Pierre Geagea. Dr. Geagea gave verbal permission for petitioner's encroachment onto his property. The encroachments included: (1) extending the joint driveway beyond its original location, toward the river and onto 4610 Kanawha Avenue; (2) constructing a one-foot-high decorative stone wall on the edge of the newly constructed driveway; and (3) building an embankment that extended approximately twelve feet onto 4610 in order to support the driveway extension and the decorative wall. The agreement between petitioner and Dr. Geagea was never reduced to writing or recorded. It is undisputed that these encroachments are on what is now respondent's property.

1

Respondent purchased his property in 2006 after petitioner's renovations were complete. In 2009, respondent requested that petitioner remove the encroachments and petitioner refused. Respondent then filed suit against petitioner for ejectment and trespass. Petitioner moved for summary judgment in September of 2010. In November of 2010, we issued our opinion in *O'Dell v. Stegall,* 226 W.Va. 590, 703 S.E.2d 561 (2010), clarifying the law on prescriptive easements. Based on *O'Dell,* respondent moved for summary judgment in February of 2011.

By order entered on January 5, 2012, the circuit court granted respondent's motion for summary judgment and denied petitioner's motion for summary judgment. The court retroactively applied *O'Dell* and rejected petitioner's claim that he was entitled to a prescriptive easement. In granting respondent summary judgment, the circuit court made the following ruling:

> If [petitioner] is unable to acquire the property encroached upon from [respondent] within thirty (30) days of the entry of this Order, [petitioner] shall forthwith remove the structures that encroach upon [respondent's] property - - namely, (i) that part of the extended concrete driveway now owned by [respondent]; (ii) the one-foot-high decorative wall on the edge of the newly extended driveway located on the property now owned by [respondent]; and (iii) the embankment that supports the newly extended driveway which extends onto the property now owned by [respondent] the purpose of which was to provide support for the driveway extension and the decorative wall.

Petitioner did not appeal the circuit court's order granting respondent summary judgment and the parties did not reach an agreement through which petitioner would acquire the part of respondent's property on which he had encroached. In early February of 2012, petitioner began his efforts to comply with the court's order, at least his interpretation of it. Petitioner removed the back portion of the new concrete driveway to the extent it encroached onto respondent's backyard and removed the decorative wall. He had not yet removed the embankment, but planned to do so. However, on March 1, 2012, respondent ordered that petitioner's contractor cease any further work on his side of the property line. The contractor complied.

Respondent's action prompted petitioner to file a "Motion to Enforce the Order of this Court" with the circuit court. The court held a hearing on March 23, 2012, on petitioner's motion, and it became evident that the parties had different interpretations of the court's January 5, 2012, summary judgment ruling with regard to exactly how much of the concrete driveway was to be removed by petitioner. Petitioner asserted that the only portion required to be removed was the back portion starting from approximately the back of respondent's home and extending toward the river. He reasoned that the other portion, which ran from the back of respondent's home, along respondent's house and toward Kanawha Avenue, was not part of the "newly extended driveway," but rather, was part of the original shared driveway that the parties agree existed for approximately eighty years.

Respondent argued that there was no evidence that petitioner, or any previous owner of his home, ever used the shared driveway beyond the petitioner's original garage, which, prior to

2

petitioner's renovation, was in front of his house. Respondent argued that the new concrete between the houses was included in the circuit court's ruling of what was required to be removed.

The circuit court ruled in favor of the respondent and by order entered on April 10, 2012, required petitioner to remove all of the concrete that he poured as part of the renovation that encroached onto respondent's property. The court's ruling included removal of all of the concrete that runs between and alongside of the two homes.[1] Petitioner now appeals the April 10, 2012, order to this Court.

On appeal, petitioner raises two assignments of error. First, he argues that the April 10, 2012, order is contrary to the evidence in this case, including the clear wording and intent of the court's summary judgment order. As the petitioner challenges a factual finding of the circuit court, we review the challenge under a clearly erroneous standard. "'A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed...'" *Thorne v. Comer,* 215 W.Va. 283, 285, 599 S.E.2d 706, 708 (2004)(quoting Syllabus Point 1, in part, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)).

Petitioner and respondent presented evidence to the circuit court concerning where the shared driveway ended. Petitioner argued that the shared driveway extended to the rear of respondent's home based on evidence that a prior owner of respondent's home testified that he used to drive up to his kitchen to unload groceries. In contrast, respondent presented evidence that the shared driveway ended at petitioner's old garage, which was located at the front of petitioner's home prior to his renovations. Additionally, respondent presented evidence that the shared driveway still consists of the original asphalt, while the disputed area is concrete. The circuit court resolved this factual issue in respondent's favor and we find no reason to conclude that it is clearly erroneous.

Second, petitioner argues that the circuit court's order should be reversed on equitable grounds because it essentially denies petitioner the use of his new garage.[2] The record in this matter shows that petitioner possessed a license to use the property by virtue of Dr. Geagea's verbal permission. In *Cottrell v. Nurnberger,* 131 W.Va. 391, 395-96, 47 S.E.2d 456 (1948), we described the difference between easements and licenses as follows:

> An easement creates an interest in land; a license does not, but is a mere permission or personal and revocable privilege which does not give the licensee any estate in the land. 1 Thompson on Real Estate, Permanent Edition, Section 318; Washburn on Easements and Servitudes, 5. "A license differs very materially

---

[1]The parties do not dispute the existence of the shared driveway. They dispute whether the shared driveway extended to the narrow area between the two homes, as petitioner asserts, or whether it stopped at the front of petitioner's home, as respondent asserts.

[2]On appeal, petitioner has abandoned his argument that he has acquired a prescriptive easement over the disputed area.

from an easement in that it constitutes no interest in land whatever, and is not real estate, but is a *mere authority*, usually revocable at pleasure and not transferable, to do a certain act or series of acts, for example, to hunt, upon the lands of another, without conferring any interest in the land itself. On the other hand, an easement is the very opposite of this, being an *interest in land*, which is usually *irrevocable* and *freely transferable* in connection with the dominant tenement, as other interests in land are, subject to the same limitations." 1 Minor on Real Property, Second Edition, Section 92.

(Emphasis in original). The conveyance of property terminates any licenses granted with respect to the property at issue. *See West Virginia Dept. of Highways v. Wheeling Antenna Co.,* 178 W.Va. 713, 715, 364 S.E.2d 39, 41 (1987)(" It has been rationalized that since the sale of the dominant estate destroys the license, the license is equally destroyed upon the vesting of title in the condemner.") We, therefore, conclude that petitioner's license to encroach upon his neighbor's property terminated upon Dr. Geagea's conveyance of the property to respondent.

Additionally, however, petitioner essentially argues that he has acquired an easement by estoppel:

> To create an estoppel in pais [easement by estoppel], there must be some conduct of the party against whom the estoppel is alleged, amounting to a representation or concealment of material facts; and when everything is equally known to the parties, although they are mistaken as to their legal rights, no estoppel arises.

John W. Fisher, II, *A Survey of the Law of Easements in West Virginia,* 112 W. Va. L. Rev. 637, 712 (2010). There is no evidence in the record that shows that respondent or any prior owner of respondent's property concealed material facts that would warrant granting petitioner an easement by estoppel.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

4